## CITY OF CLEBURNE v. J. FRANK ELDER.

Decided May 11, 1907.

**1.—Charge—Omission—Special Charge.**

Where in a suit against a city for personal injuries caused by a defective sidewalk the court charged fully on contributory negligence and the defendant desired a particular phase of contributory negligence submitted to the jury it should have requested a special charge submitting such issue and stating a correct proposition of law.

**2.—Defective Side-Walk—Personal Injuries.**

In a suit against a city for personal injuries caused by a defective sidewalk, charges considered, and held correct.

**3.—Same—Safe and Unsafe Pass-Ways—Contributory Negligence.**

Where there are two passways equally convenient, one safe and the other unsafe, and a pedestrian knowingly uses the unsafe way and is injured, it is a question for the jury whether or not his act was that of an ordinarily prudent person.

Appeal from the District Court of Johnson County. Tried below before Hon. O. L. Lockett.

*Wm. E. Myres,* for appellant.—Where there are two ways of travel, the one a safe way and the other an unsafe way, it is the duty of a traveler or pedestrian knowing the condition of both ways, to select the safe way of travel, and if he selects the unsafe way, and is injured in consequence of same, and such act of his is not that of an ordinarily prudent person, then there can not be a recovery. Gulf, C. & S. F. Ry. v. Gasscamp, 69 Texas, 547; City of Dallas v. Moore, 74 S. W. Rep., 95; 5 Thompson on Negligence, paragraphs 6247, 6218, 6219.

*Moore & Warren,* and *Cleveland & Haynes,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This was a suit by appellee to recover damages for injuries sustained by him in a fall, caused by the alleged negligence of the appellant. Appellee alleged in substance, that on the 7th day of August, 1905, while walking on East Willingham Street, in the city of Cleburne, and on the sidewalk of said street, that in attempting to cross a ditch in said street and sidewalk which lay in his route, that he fell and sustained severe and permanent injuries to his foot and ankle and knee by having his foot and ankle fractured, sprained and bruised and by having the leaders and tendons of his ankle and foot torn and by spraining and wrenching the knee of his right leg and injuring the tendons and leaders thereof. That the injuries to his foot, ankle and knee were painful and permanent, which caused him physical and mental pain and suffering.

He alleged that his fall and injuries were due to the negligence of appellant in leaving a ditch open across the said sidewalk of Willingham Street. That appellant had negligently failed to place a *culvert or crossing over said ditch* for the use of pedestrians, but had negligently left said ditch open and had negligently permitted a plank which was used on the west side of said ditch, by frequent use of pedestrians to become worn and slick. That persons going along the north side of Willingham Street were required to cross said ditch and plank. That while attempting in a careful manner to cross said ditch and plank that his foot slipped from said plank and caused him to fall with violence into said ditch, which resulted in injuries aforesaid. Appellee charged that at the time and before he received his injuries, appellant had notice of the defective condition of such street and sidewalk, but negligently failed to have same repaired. Appellant in its answer pleaded a general demurrer, a general denial and contributory negligence. A trial resulted in a verdict and judgment for $250 for plaintiff and defendant appealed.

*Conclusions of Fact.*—Appellee was injured while walking on the sidewalk of East Willingham Street, a public street of the city of Cleburne, on the 7th of August, 1905. There was a ditch three or. four feet wide at the top and about two feet at the bottom, and about two feet deep across East Willingham Street. In the center of the street a bridge was constructed over the ditch, which was used by vehicles traveling along and over that street. The sidewalk was not provided with a bridge over the ditch, but there was a board called by the witness a base board or curbing on the west side of the ditch on which pedestrians stepped in crossing the ditch. This board had been worn smooth by pedestrians stepping thereon, and when appellee, who approached from the east, stepped upon it his foot slipped and he was precipitated into the ditch and injured. The ditch had existed a sufficient length of time for the officers of the city by the use of ordinary diligence to have had knowledge of it and that it was dangerous. The permitting of the ditch to exist and remain across the sidewalk of a public street constituted negligence on the part of the city which proximately

caused the injuries to appellee. By his injury he has sustained damage in the amount of the judgment. In deference to the verdict we find the appellee was not guilty of contributory negligence.

*Conclusions of Law.*—Error is assigned to the court's action in refusing a special charge requested by defendant, reading: "If the plaintiff attempted to cross the gutter when he sustained the injury, if any, and he knew of its defective condition, if it was defective, or could have known the same by the use of ordinary diligence; and with such knowledge attempted to cross the gutter when there was an easy, safe and convenient way around the same, where he could have crossed said gutter, and that by taking such way .it would have been of no substantial inconvenience to plaintiff, then your verdict should be for the defendant." This charge does not announce a correct proposition of law. The proposition contended for under the assignment is that, where there are two ways of travel, the one a safe way and the other an unsafe way, it is the duty of a traveler or pedestrian knowing the condition of both ways to select the safe way of travel, and if he selects the unsafe way, and is injured in consequence of same, and such act of his is not that of an ordinarily prudent person, then there can not be a recovery. This proposition states the law correctly. It presents one phase of contributory negligence on the part of appellee in attempting to cross the ditch. The court gave a full charge defining contributory negligence and in another paragraph fully submitted the issue of appellee's contributory negligence in crossing the ditch. The court having charged on contributory negligence if the defendant desired this particular phase of contributory negligence submitted, it should have requested a correct charge.

Appellant assigns error in the sixth paragraph of the court's charge which reads as follows: "You, are instructed that before the plaintiff can recover he must show by a preponderance of the evidence that he was injured by a defective and dangerous sidewalk, as alleged in his petition, and that the said defective and dangerous sidewalk, was caused by the negligence of the defendant, as you are hereinafter instructed, and you must further find that the city of Cleburne had notice of such defective and dangerous condition of its said sidewalk in one of the following ways: (1) That said city of Cleburne dug and constructed the said ditch and put in and allowed to exist. in the condition it was in at the time of the alleged injury; or (2) that the said city had actual notice of such defects and dangerous condition of the said sidewalk in time to have repaired the same by the exercise of ordinary care and diligence; or (3) if you believe from the evidence that the city did not construct and dig said ditch and did not have the actual notice of the condition of said sidewalk, but you further believe that the said sidewalk was dangerous at the time of the alleged injury, and that it had existed for such length of time, considering the notoriety and the frequency of the travel over said sidewalk at that particular place, as that by the exercise of ordinary care and diligence the defendant could

have discovered said defect in time to have repaired the same before the alleged injury." It is contended that under the evidence and circumstances in this case, it was error for the court to assume that the crossing was defective and in a dangerous condition. This charge does not assume that the crossing was defective or dangerous, but distinctly leaves this question for the determination of the jury. There is no error in the charge.

It is also contended that the court erred in the eleventh paragraph of the charge in instructing the jury as follows: "If under the above and foregoing instructions you find for the plaintiff, then you will find for him such sum of money as will now compensate him for the physical pain and mental suffering, if any has been shown, that plaintiff has suffered and will in the future suffer in consequence of such injury, if any, and for the effect both past and future, if any has been shown, of any such injury upon his ability to labor and perform his usual and customary duties, and also for such reasonable doctor bills required to pay out or become obligated to pay on account of his said injuries." The criticism to this paragraph that it assumed the existence of facts which should have been found by the jury, is not well founded and this assignment is overruled.

It follows from our findings of fact that the court did not err in refusing the special requested charge of defendant instructing a verdict for it. There was no error in overruling the motion for new trial based on the ground that the verdict is contrary to the evidence.

Finding no error in the record the judgment is affirmed.

*Affirmed.*